# Sledge *v.* Scott.

*Action on Promissory Note, by Payee against Makers.*

1. *Sale of chattel; when misrepresentation by vendor is fraud.*—A misrepresentation of a material fact by the vendor of personal property, made at the time of the sale, or pending the preliminary negotiations, on which the purchaser has a right to rely, and in fact does rely, is a fraud, available as a cause of action to the purchaser, or as a defense to an action for the purchase-money. If the representation is as to a matter of fact, and not the mere expression of an opinion, it is immaterial whether the vendor knew it to be untrue, or made it in ignorance; and it is not necessary that the purchaser should have relied altogether upon it, if it was a material inducement, and but for it he would not have made the purchase.

2. *Same; to what witness may testify.*—That the representation was relied on by the purchaser, and induced him to consummate the contract, is not a question of fact to which a witness may testify, even though he be the purchaser himself; but is an inference, or conclusion, to be drawn by the jury, from the character of the representation, the conduct of the parties at the time, and all the attendant circumstances.

3. *Proof of unsoundness of horse.*—The unsoundness of a horse, three weeks after a sale, may be admissible evidence, to enable the jury to determine whether it existed at the time of the sale, when its character and probable causes are shown; but the mere fact that he is lame three weeks after the sale, without proof of the character or causes of such lameness, is not competent

evidence; nor can a witness, though an expert, testify that he was *unsound* three weeks after the sale, without such additional evidence.

APPEAL from the City Court of Lee.

Tried before the Hon. JOHN M. CHILTON.

This action was brought by T. L. Scott, against J. C. Sledge and S. J. Sledge; was commenced on the 12th April, 1873; and was founded on a promissory note for $500, signed by said defendants and one J. J. Smith (as to whom the action was discontinued), dated the 16th November, 1872, and payable to the plaintiff, or bearer, on the 15th March, 1873; which was given for the purchase-money of a carriage and pair of horses, sold by plaintiff to said J. C. Sledge on said 16th November, 1872. The defendants pleaded—1st, the general issue; 2d, failure of consideration; 3d, that the horses were warranted by plaintiff to be sound, when one of them was in fact unsound; and issue was joined on these pleas. On the trial, the defendants reserved the following bill of exceptions:

"The plaintiff having introduced the note sued on, and closed, said J. C. Sledge was introduced as a witness for the defendants, and testified, that said note was given for a carriage and pair of horses bought by him from said plaintiff; that he told plaintiff, at the time of the trade, that he was no judge of stock, and asked him if the horses were sound; that he, the plaintiff, replied that they were sound; that he, witness, relied on said representation of soundness, and bought the horses on the faith of said representations; that he did not use the horses until three weeks afterwards, when he hitched them to the carriage, and drove them to the house of J. N. Preston, who was his father-in-law; that the distance was about fifteen miles, and it took him from two until eight o'clock to travel it; that one of the horses became very lame and stiff, and, in his opinion, was diseased; and that the difference between the value of the horse in his diseased condition, and his value if sound, was one hundred dollars. Mr. Preston was then introduced as a witness, and testified, that said J. C. Sledge came to his house, with said horses, some time in November, 1872, and got to his house late in the night; that he saw the horses next morning, and one of them was lame. The defendants then asked said witness, if the lame horse was not unsound; which question the court would not let the witness answer, because the witness had never seen the horse before that time, while the trade was made three weeks before; to which ruling and refusal the defendants excepted. The defendants then proved, by said witness, that he was acquainted with horses

and their diseases, and had had a great deal of experience with horses; and on this proof, they proposed to ask said witness, taking into consideration the condition of the horse when he saw him, what was his opinion as to whether the horse was sound or unsound on the 16th November, 1872. Plaintiff objected to this question, and the court sustained the objection; to which the defendants excepted. There was some other proof, tending to show that one of the horses had been lame after the sale; and it was in proof, also, that he had died, but from what cause or disease was not shown. The witness said, the horse had had the epizootic after the sale. The plaintiff testified that, to the best of his recollection, he made no representations to the defendant as to the soundness or unsoundness of the horses; that the horses were sound, in his opinion, and that he had owned them about eighteen months. It was proved by D. B. Preston that, at the instance of said J. C. Sledge, he examined said horses, before the purchase, as to their ages, but not as to their soundness; that they were standing still when he saw them, and he never saw them moving; and that he told said Sledge that one of them was pretty old. There was other proof, going to show that the horses were sound at the time of the sale. Said J. C. Sledge testified, on cross-examination, that he relied, in making said purchase, partly on the judgment of said Preston as to the horses, partly on his own judgment, and partly on the plaintiff's representations as to their soundness, but would not have made the purchase but for the plaintiff's representations as to their soundness. This was all the evidence tended to show; and on this evidence, the court charged the jury, among other things, that if the defendant purchased said horses, relying in part on the judgment of Mr. Preston and others, and on his own judgment, and not wholly on the plaintiff's representations, then he (plaintiff) would be entitled to recover the full amount of the purchase-money, with interest thereon. To this charge the defendants excepted, and requested the court, in writing, to instruct the jury that, if they believed that the vendor and plaintiff represented to the purchaser that the horses were sound, and that said representations entered into the purchase and trade, and it turned out that the horses were not sound, then the defendants would be entitled to reduce the note to the amount of the difference in value of the horse diseased and his value if sound. This charge the court refused to give, on the ground that it was calculated to mislead the jury; and the defendants excepted to its refusal."

The rulings of the court on the evidence, the charge given,

[Sledge v. Scott.]

and the refusal of the charge asked, are now assigned as error.

WM. H. BARNES, for appellants.—1. The unsoundness of the horse, three weeks after the sale, was relevant and admissible evidence to show his unsoundness at the time of the sale, though it might not be sufficient of itself.—*Gingles v. Caldwell*, 21 Ala. 444; *Stone & Best v. Watson*, 37 Ala. 279. Being relevant to the issue, the court could not exclude it on account of its insufficiency.—*Cuthbert v. Sewell*, 7 Ala. 457; *Abney v. Kingsland*, 10 Ala. 355; *Jones v. Stearns*, 28 Ala. 677; *McCreary v. Turk*, 29 Ala. 244; *Adams v. Adams*, 29 Ala. 433. It was competent for the witness Preston, as an expert, to give his opinion on the question of soundness.—*Dixon v. Barclay*, 22 Ala. 370 ; *Bennett v. Fail & Patterson*, 26 Ala. 605.

2. That the court erred in the charge given, and in the refusal of the charge asked, see Benjamin on Sales, 499, § 613, and notes; *Stroud v. Pearce*, 6 Allen, 413; *Watson v. Rowe*, 16 Vermont, 525 ; 13 Wisconsin, 600; *Roberts v. Morgan*, 2 Cowen, 438; *Ricks v. Dillahunty*, 8 Porter, 133.

RICE, JONES & WILEY, *contra*.—1. Proof that a horse is lame or unsound at a particular time is not, of itself, relevant or competent evidence that he was in that condition three weeks before that time. To make it competent, the character of the lameness, or its cause, should also be shown. Nor was it competent for Preston to give his opinion as an expert.

2. A representation as to the soundness of a horse, unless known to be untrue, or intended to deceive, is necessarily a matter of opinion, and does not constitute a fraud. The purchaser can always protect himself, by requiring a warranty; and if he fails to do so, but trusts to his own judgment, though relying partly on such representation, he is not entitled to relief.—Chitty on Contracts, 11th Am. ed., 639; *Stevenson v. Reaves*, 24 Ala. 425, and cases there cited on appellant's brief; *Camp v. Camp*, 2 Ala. 636; *Murrell v. Whiting*, 32 Ala. 54; *Cullum v. Bank*, 4 Ala. 29; 9 Bacon's Abr. 480; Cro. Jac. 366.

BRICKELL, C. J.—The law, as settled in this State, is, that a misrepresentation by a vendor of chattels, of a material fact, made at the time of, or pending the negotiation for the sale, on which the purchaser has the right to rely, and in fact relies, is a fraud, furnishing a cause of action to the purchaser, or a ground of defense to an action for the purchase-money. If the representation is not a mere expression

of opinion, but the affirmation of a fact, it is not material whether the vendor knew, or had means of knowing it to be untrue, or that he made it in ignorance of the fact. The affirmation of that which he does not know to be true, produces the same injury, and is as indefensible, in contemplation of law, as the assertion of what he knows to be false.— *Atwood v. Wright,* 29 Ala. 346; *Blackman v. Johnson,* 35 Ala. 252; *Munroe v. Pritchett,* 16 Ala. 785; Story on Sales, § 165.

The misrepresentation must be of a material fact, on which the purchaser has a right to rely. It must not be in respect to a mere matter of opinion, or belief, or a matter apparent to the observation of the purchaser, if he exercised ordinary prudence.—Story on Sales, § 169. It must have exercised an influence on the decision to purchase. If the purchaser decides on his own judgment of the quality of the chattel, after an examination of it, or on the judgment of others who may have examined it for him, he is not deceived by the representation, and has no legal cause to complain of it. Fraud and damage must concur: fraud without damage, or damage without fraud, is not a cause of action, or a ground of defense. The deceit practiced on him, inducing a purchase he would not have made, is the true legal ground of complaint. We do not understand that the purchaser must have trusted wholly to the representation—that it must have been the exclusive inducement or consideration of the purchase. It is enough that it was a material inducement, without which he would not have entered into the contract. After an examination of the chattel, after consultation with others examining or acquainted with it, the representation, conforming to the opinion he may have formed, may exercise a controlling influence with him in making the purchase. If it does, he is deceived, and the vendor must answer for the injury produced. That such examination is made, does not absolve the vendor from speaking only the truth, or lessen the right of the purchaser to rely on his affirmations. The charge given by the court below was erroneous.

2. Whether the representation was made; whether it was intended by the vendor as the affirmation of a fact, or the expression only of his opinion or belief; whether it was relied on by, and influenced the purchaser, are questions for the jury. A witness, whether the purchaser or another, should not be permitted to testify that the representation was relied on, and induced the purchase. This is not strictly a fact, but an inference or conclusion of fact, to be drawn by the jury, from the character of the representation, the conduct of the parties at the time it was made, and all the cir-

cumstances attending the sale which may be in evidence before them.—*Barnett v. Stanton & Pollard*, 2 Ala. 182 ; *Williams v. Cannon*, 9 Ala. 348; *Bradford v. Bush*, 10 Ala. 386.

3. The representation of soundness of the horse, if made by the vendor, referred to his condition at the time of the sale; and on the purchaser rested the *onus* of proving satisfactorily the existence of unsoundness at that time. Mere suspicion that it then existed is not sufficient.—*Eaves v. Dixon*, 2 Taunt. 343. Unsoundness of the horse three weeks after the sale, the character of which was shown, and the causes to which it may be attributable—causes which may have been in operation at the time of the sale, and not then have produced any visible effect—would be proper evidence to be submitted to the jury, to enable them to determine whether it existed at the time of the sale and representation. But the mere fact that the horse was lame three weeks after the sale, and, in the opinion of the witness, then *unsound*, was not proper and legitimate evidence. The lameness may have been merely temporary, produced by some causes to which the purchaser subjected him after the sale. Nor, without evidence of the character of the lameness, was it permissible for the witness, if he was an expert, as to which we express no opinion, to state his opinion as to the length of time it had existed. No defect or disease was attributed to the horse, other than the lameness ; and its character, or cause, was not shown. It may have existed at the time of the representation, and been apparent to the purchaser, or it may have been produced by subsequent causes. If the character and cause of the lameness had been shown, and evidence given that it was possible for it to have existed at the time of the representation, the question would be presented in a different aspect. As now presented, the court properly excluded the evidence. Its admission would have been an invitation to the jury to draw from it inferences or presumptions it is not capable of supporting.

The judgment must be reversed, and the cause remanded.