# Mutual Benefit Life Insurance Co. *v.* Lehman *et al.*

*Bill in Equity to enforce Payment of Life Insurance Policy.*

[Decided June 28, 1902.]

1. *Life insurance policy; warranties; sufficiency of plea alleging breach thereof.*—Where an applicant for life insurance agrees in his application that "the answers given herewith to the questions of the agent or examiner which I declare and warrant to be true shall be the basis of my contract with the company," and then makes answer to the questions propounded relative to his having formerly suffered from diseases and as to his physical condition, such statements by the applicant are mere representations and constitute no warranty; and a plea setting up that the answers made to the questions so propounded were false and that, therefore, there

[Mutual Benefit Life Insurance Co. v. Lehman *et al.*]

was a breach of warranties made by the insured, is insufficient to bar a recovery of the amount due upon the insurance policy on the death of the insured.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. JOHN C. CARMICHAEL.

The bill in this case was filed by the appellants as creditors of the estate of George T. Winton, deceased, against the appellant, The Mutual Benefit Life Insurance Company, of Newark, N. J., to enforce the payment by said Life Insurance Company of a policy of insurance issued by it on the life of said Winton.

The appeal is from an interlocutory decree of the chancellor holding insufficient a plea by the defendant. The facts of the case and the defense interposed by said plea are sufficiently shown in the opinion.

A. LATADY, for appellant, cited *Kelley v. Ins. Co.*, 113 Ala., 453; *Railway Co. v. Gilmer*, 85 Ala. 422; *Robbins v. Webb*, 68 Ala. 393; *Byrne v. Marshall*, 44 Ala. 355.

JAMES A. MITCHELL and H. K. WHITE, *contra*, cited *Lehman v. Gunn*, 124 Ala. 213; *A. G. L. Ins. Co. v. Johnson*, 80 Ala. 467; *Mut. Ben. L. Ins. Co. v. Robertson*, 59 Ill. 123; *Morrison v. Sin. Co.*, 59 Wis. 162; *Dillaber v. Ins. Co.*, 69 N. Y. 256; *Edington v. Ins. Co.*, 67 N. Y. 185; *Fitch v. Ins. Co.*, 59 N. Y. 572.

McCLELLAN, C. J.—This bill is prosecuted by Lehman and others, creditors of the estate of George T. Winton, deceased, to enforce the payment by the insurance company of a policy of insurance issued by it on the life of the debtor. The respondent pleaded in bar of the relief sought, that Winton made application for said insurance, that in his application is this provision: "I agree that the answers given herewith to the questions of the agent or examiner, which I declare. and warrant to be true, shall be the basis of my contract with the company; and respondent pleads *   *   *

41s

breach of warranties which formed the basis of said contract as follows: 1. That in answer to the question: 'Have you any disease or disorders?—one of the questions the answer to which the said George T. Winton warranted to be true, the said Winton answered: 'No.' And this' respondent says that said answer was untrue, in that, as respondent avers, that said Winton at the time he made the answer set out, suffered from disorders of the kidneys, dyspepsia, headache and muscular pains. 2. That in answer to the question: 'How often and for what have you sought medical advice during the past seven years, dates of each, duration, physician consulted?' One of the questions the answer to which said Winton warranted to be true, the said Winton answered: 'Once for la grippe in February, 1891, Dr. J. E. Griggs, Birmingham, Alabama; once for mumps in June 1893, Dr. T. L. Robertson, and that the disorder continued in each instance for one week;' and this respondent says that the answers so given to the question above set out were untrue, in this, that at the time of making said answers, the said Winton knew that in the Fall or Winter of 1894 he had consulted physicians for disorders from which he suffered, and that he likewise sought medical advice in the Spring or Summer of 1895. 3. That in answer to the question: "Are you, or have you been subject to dyspepsia? Dates, duration and severity?' One of the questions, the answer to which said Winton warranted to be true, he answered: 'Yes, in February 1880. Three months, not very severe. Was never confined to bed, and able to attend to business.' And this respondent avers that the answer so given to the question herein set out was untrue, for that respondent says, that at the time said Winon made the answer averred to be untrue he knew that in the Fall or Winter of 1894 he suffered from dyspepsia and that in the Spring or Summer of 1895 he had to leave the city of Birmingham on account of his state of health, and that he remained away at mineral springs for two weeks under the advice of a physician; that he was, just before leav-

ing for the springs suffering from an attack of dyspepsia, headaches, muscular pains and scanty urine, and that he had been confined to his bed for several days, and that during the year preceding his death, he had received sundry prescriptions from his physician for these complaints." This plea being set down for hearing on its sufficiency, the chancellor held it insufficient on grounds clearly stated in his opinion, which we adopt: "The plea as amended of the Mutual Benefit Life Insurance Company, attempts to set up some breaches of warranties, alleged to have been made by the decedent, George Winton. The contention that the plea does not disclose any breach of the alleged warranties was carefully argud at the bar, upon the trial of the sufficiency of the plea. I shall not go into that question, as I think the plea is to be held insufficient upon another ground, anterior in point of the development of the trial, to the one argued. The plea does not disclose any warranties made by Winton. For aught that appears in the plea, the statements alleged to have been made by Winton, were mere representations. It is only stated by way of recital, not by positive averment, that even the representations were made. The plea does not allege that the warranties were in writing, that they were incorporated into the contract of insurance, or that it was referred to therein, in any manner, or in such manner as to make them a part of the contract. It would establish the plea if the respondent company should prove that Winton made the statements, recited in the plea, even by parol [oral evidence]. This would fall far short of the essential elements of a warranty. In *Ala. Gold Life Ins. Co. v. Johnston*, 80 Ala. 470, SOMMERVILLE, Justice, says: 'The distinction between a warranty and a representation in insurance is frequently a question of difficulty, especially in the light of more recent decisions, which recognize the subject as one of growing importance in its relations, particularly to life insurance. As a general rule it has been laid down that a warranty must be a part and parcel of the contract of insur-

ance, so as to appear, as it were, upon the face of the policy itself, and is in the nature of a condition precedent.' In the well considered case of *Campbell v. New Eng. Life Ins. Co.*, 98 Mass. 391, it is said: 'The application is, in itself, collateral merely to the contract of insurance. Its statements, whether of facts or agreements, belong to the class of representations. They are to be so construed, unless converted into warranties, by force of reference to them in the policy, and a clear purpose, manifest in the papers thus connected, that the whole shall form one entire contract.' See also *Fidelity & Casualty Co. v. Albert*, 67 Fed. Rep. 460; *Mo. K. T. & T. Trust Co. v. German Nat'l Bank*, 77 Fed. Rep. 177; 16 Am. & Eng. Ency. of Law (2d ed.), p. 924. Tested by these decisions, the plea presents no defense to the bill, and is, therefore, insufficient. * * *'' It is argued for appellant that inasmuch as a plea in chancery, like other pleadings, is amendable this plea should not have been held insufficient. This we take to be an inadvertent suggestion of counsel. The plea on such hearing is judged by what it contains, as a plea at law would be judged on demurrer, and not with reference to what might be injected into it by amendment; and the ruling of insufficiency goes upon the ground that the plea is lacking in averment which, if the real facts admit of it, might be made by amendment.

We deem it unnecessary to pass upon other points made in argument against the sufficiency of the plea. We may remark, however, that forfeitures of policies of insurance by reason of the inaccuracy or falsity of answers to questions even when properly made warranties, is not favored by law, since the operation of such warranties may be and frequently is to defeat the policy though neither its issuance or the death of the assured may bear any relation to the fact concealed or inaccurately or falsely affirmed; and upon this and other considerations such warranties are strictly construed against the insurer and liberally to the upholding of his liability under the policy. Hence it is held

that a warranty arising upon questions and answers, incorporated by reference or bodily into the policy, may be broken in the letter without vitiating the contract, but that the breach, to that end, must be of the spirit, intent and substance of the covenant, as, for example, where the warranty is that the applicant is in good health, the intention is not that he is in perfect health but that he is free from all ailments calculated or tending to shorten life and increase the insurer's risk; and, we apprehend that a warranty that the applicant has no disease or disorders would not be breached by the fact that he did have a disease or disorder temporary in its nature and involving no tendency to shorten life. Thus one may, at the time of answers made, have an acute disorder of the kidneys, due to some specific and known cause, and eradicable both as to cause and condition so as to leave no impairment of health, or he may have a temporary dyspepsia yielding to treatment, and not affecting the risk, and surely he may have headaches and muscular pains, none of which would be a disorder within the sense and substance of the warranty but each of which would be a disorder within its letter.—1 May on Ins., §§ 295 *et. seq.* and cases there cited.

In respect to the second and third assignments of breach, we suggest that the general averment of untruth refers alone to the answers affirmatively given, and is not supported by the specification, so to speak. To illustrate: In the second assignment it is averred that Winton in answer to the question: "How often and for what have you sought medical advice during the past seven years, dates of each, duration, physician consulted?" said: Once for la grippe in February, 1891, Dr. J. E. Griggs, Birmingham, once for mumps in June, 1893, Dr. T. L. Robertson, and that the disorder continued in each instance for one week. Now it is this particular statement that is averred to be false, and the specification shows that this statement is not in fact challenged at all, but that the real complaint of his answer was, not that it was untrue

so far as it went, but that it failed to go far enough and cover the field of the question. And the same is true of the third assignment. The point as to whether an assignment of breach of warranty arising upon question and answer may be rested upon a lack of fullness in the answer, we apprehend, is not presented by these assignments.

In one aspect of the case presented by the bill, the respondent insurance company is alleged to have paid a part of the money evidenced by the policy to the administrator of the deceased insured in collusion with him to defeat the claims of complainants and other creditors of Winton. If this be true the payment was a waiver of the breaches of warranty sought to be set up in the plea; and it follows that the plea presents no defense to that aspect of the bill, and of consequence no defense to the bill as a whole. If, however, the payment to the administrator was made by the company in good faith as a compromise settlement of the claim against it, the company honestly believing it had a right to settle with the administrator, and the face value of the policy being scaled to the amount so paid in recognition and on account of the company's claim that it was not liable at all because of breaches of the insured's warranties, as may be the case consistently with another aspect of the case presented by the bill, the payment would not as matter of law constitute a waiver of the alleged breaches so far as the balance unpaid is concerned.

The decree of the chancery court holding the plea insufficient must be

Affirmed.