# Providence Savings Life Assurance Society *v.* Pruett.

### *Action upon a Life Insurance Policy.*

1. *Life insurance; representations as to physical condition.*—Misrepresentations as to physical condition by an applicant for life insurance do not operate to avoid the contract of insurance thereupon made, unless they are such as to deceive the insurer about matters material to the risk, thus amounting to fraud, or unless they be warranted as true, and consequently involve a breach on the part of the insured of the contract of insurance.

2. *Action upon a life insurance policy; warranties; sufficiency of plea.*—In an action upon a life insurance policy, a plea is insufficient and subject to demurrer which avers "that the policy sued on and the application for said policy, together, form one contract; that it is provided in and by the applicacation made by said S. G. Pruett among other things, that all the statements and representations contained in said application are material, and are and shall be true, and with the stipulated premiums, shall be the sole consideration of the contract with the defendant, and that if any concealment, or fraudulent or untrue statement or representation be made, said policy and insurance shall be null and void; and defendant avers that in and by said application said S. G. Pruett stated that he did not have, on the date of said application, and had never had, a disease of the liver, which statement was untrue;" such plea not showing that by the contract, taken as a whole, the answers of the insured were warranted as true, or that they amounted to more than untrue representations immaterial to the risk and forming no inducement to the making of the contract.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This action was brought by the appellee, Oscar J. Pruett, against the Provident Savings Life Assurance Society, and counted upon a life insurance policy issued by the defendant upon the life of Seth G. Pruett, who had died pending the term of the insurance.

The facts of the case necessary to an understanding of the decision on this appeal are sufficiently stated in the opinion. There were verdict and judgment in favor of the defendant. Thereupon the plaintiff filed a motion for a new trial, assigning as grounds therefor the several rulings of the trial court, which were adverse to the plaintiff.

Upon the hearing of this motion the court granted the same and ordered a new trial. From this judgment the present appeal is prosecuted, and the order granting the new trial is assigned as error.

FRED S. BALL, for appellant.—The pleas of the defendant were sufficient, and the court did not err in overruling the demurrers thereto.

The policy itself refers to stipulations and agreements in the application, and makes them expressly parts of the contract of insurance. The application expressly makes them all warranties, and declares that they are warranted to be material.—*Jeffries v. Economical Mut. Life Ins. Co.*, 22 Wall. 47 (L. 22, 833) ; *Aetna Life Ins. Co. v. France*, 91 U. S. 510 (L. 23, 401 ) ; *Gold Life Ins. Co. v. Garner*, 77 Ala. 215.

S. H. DENT, JR., and LEE H. WEIL, *contra.*—The pleas to which demurrers were overruled were insufficient, and the court committed an error in not sustaining said demurrers; for this reason, if for no other, it was proper for the court to grant the motion for a new trial. The pleas themselves state that the application contains, among other things, the statement above quoted. What these other things are is nowhere stated in the plea, nor does the plea negative the idea that these other things which the application contains do not show that the

questions and answers constitutes merely representations and not warranties.    If there is anything in either the application or the policy from which the court could draw the conclusion that the questions and answers constitute representations, merely, and not warranties, the court must so construe them.—*Gold Life Ins. Co. v. Johnson*, 80 Ala. 467; *Mouler v. Am. Life Ins. Co.*, 111 U. S. 335.

SHARPE, J.—This appeal is from an order granting to the plaintiff a new trial.    On the main trial the court erred to plaintiff's prejudice in overruling demurrers to pleas 5, 8 and 10, and, therefore, it did not err in granting the new trial.

The action was upon a policy whereby the defendant insured the life of Seth G. Pruett.    Plea 5 is as follows: "It (defendant) says that the policy sued on and the application for said policy, together form one contract; that it is provided in and by the application made by said S. G. Pruett among other things that all the statements and representations contained in said application are material, and are and shall be true, and with the stipulated premiums, shall be the sole consideration of the contract with the defendant, and that if any concealment, or fraudulent or untrue statement or representation be made, said policy and insurance shall be null and void; and defendant avers that in and by said application said S. G. Pruett stated that he did not have, on the date of said application, and had never had, a disease of the liver, which statement was untrue."    Plea 8 is the same as plea 5, except that instead of averring an express denial by the applicant of the fact that he once had liver disease, it contains averments to show that that by what appears in his application that fact was suppressed or concealed.    Plea 10 is substantially like the one last mentioned, except that the suppression or concealment imputed to the applicant is of the fact that prior to the application he had malarial fever and an enlarged liver.

Misrepresentations as to physical condition do not operate to avoid a contract of insurance, unless they are

such as to deceive the insurer about a matter material to the risk and so amount to a fraud, or unless they be warranted as true and consequently involve a breach on the part of the insured of the contract of insurance.

In *Alabama Gold Life Insurance Company v. Johnston*, 80 Ala. 467, it is declared as a rule of construction applicable to contracts of insurance, that "even though a warranty in name or form be created by the terms of a contract, its effect may be modified by other parts of the policy or of the application including the questions and answers, so that the answers of the assured so often merely categorical, will be construed not to be a warranty of immaterial facts stated in such answers, but rather a warranty of the assured's honest belief in their truth—or in other words, that they were stated in good faith. The strong inclination of the courts is thus to make these statements, or answers, binding only so far as they are material to the risk where this can be done without doing violence to the clear intention of the parties expressed in unequivocal and unqualified language to the contrary." For all that is shown in these pleas, the "other things" they aver to be in the application and contract may so control the particular provision therein mentioned as declaring a warranty as to show the answers relating to liver disease and malarial fever were not intended to be and were not in fact warranted to be true. These pleas were bad in that they do not aver in terms or purport to show that by the contract taken as a whole those answers were warranted as true, or that they amounted to more than untrue representations immaterial to the risk and forming no inducement to the making of the contract.—*Mutual Benefit Life Insurance Company v. Lehman*, 132 Ala. 640.

On the trial it was proven that about ten years before his application for this insurance Seth G. Pruett had malarial fever and enlarged liver, due to malaria and lasting a short while. It was further proven that he was permanently cured of both diseases and was thereafter, until and at the time the policy was issued, in good health; but apparently upon the theory that this with the other proof sustained one or more of these pleas

under consideration, the court charged "If the jury believe the evidence in this case, it must find a verdict for the defendant." This shows the overruling of the demurrers to these pleas was prejudicial to the plaintiff.

Judgment affirmed.