(117 So. 307)

### RELIANCE LIFE INS. CO. v. SNEED.
### (8 Div. 844.)

Supreme Court of Alabama. June 7, 1928.

**1. Insurance ⟨Key⟩265—"Warranties" are contractual terms of policy, while "representations" are merely matters of inducement.**

"Warranties" are contractual terms of policy of insurance, usually promissory in form, while "representations" are matters of inducement merely and usually relate to presently existing facts or conditions.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Representation; Warranty.]

**2. Insurance ⟨Key⟩265—Representations will not be deemed warranties merely because incorporated in policy or made part thereof by reference.**

Representations will not be regarded as warranties because they are incorporated in the policy or made a part thereof by reference and adoption, and the form of the statement is not conclusive of its character.

**3. Insurance ⟨Key⟩136(4)—Condition precedent to operation of policy, such as requiring applicant to be in good health when policy is delivered, is in legal effect a warranty.**

Condition precedent to operation of life insurance policy, such as that it shall not take effect unless on its delivery to applicant he is then in good health, is in legal effect a warranty.

**4. Insurance ⟨Key⟩265—Statements that applicant had suffered no disease of stomach and had not consulted physician therefor held representations.**

Statements in application for life insurance policy that applicant had not suffered with any disease of the stomach, had not consulted any physician therefor, that he was in sound health, and had given full answers and concealed nothing from examiner, *held* representations, not warranties.

**5. Insurance ⟨Key⟩640(2)—Plea setting up misrepresentations in application must allege representations were false, relevant, and insurer's reliance thereon.**

Insurer's plea alleging false statements by insured in application for life policy must allege that the representations were false, that they were intrinsically relevant to the subject-matter, and that insurer relied thereon to his prejudice.

**6. Fraud ⟨Key⟩4—Actual intent to deceive is not generally element of actionable or defensive fraud (Code 1923, § 8049).**

Under Code 1923, § 8049, actual intent to deceive is not in general an element of actionable or defensive fraud.

**7. Insurance ⟨Key⟩640(2)—Plea setting up misrepresentations as defense must allege they were made with actual intent to deceive or that risk of loss was thereby increased (Code 1923, §§ 8364, 8507).**

Under Code 1923, §§ 8364, 8507, when misrepresentations are pleaded in defense to an action on a life insurance policy, it must be alleged either that they were made with actual intent to deceive or that the matter misrepresented increased the risk of loss.

**8. Insurance ⟨Key⟩640(2)—Plea setting up insured's misrepresentations with intent to deceive and insurer's reliance thereon held not demurrable.**

Insurer's plea in action on life insurance policy, setting up as defense insured's misrepresentations in application, that they were made with actual intent to deceive insurer, and that insurer in reliance on said representations issued policy, *held* not demurrable.

---

**9. Insurance .⊚⟿256(1)—To constitute defense, misrepresentations in application need only be material contributing influence inducing issuance of policy.**

To constitute defense to action on life insurance policy, insured's misrepresentations in application need not be the sole inducement to the contract, but it is sufficient if, as a contributing influence, they operate on mind and conduct of insurer to any material extent.

**10. Insurance ⊚⟿256(1)—That insurer makes own investigation does not lessen its right to rely on applicant's representations.**

That insurer makes an investigation of its own does not absolve applicant for life insurance from speaking the truth nor lessen insurer's right to rely on his representations.

**11. Insurance ⊚⟿641(2)—Allegations that insurer's medical examiner investigated insured's health held insufficient to show waiver of warranty respecting health in failing to allege insurer's knowledge.**

In action on life insurance policy, plaintiff's allegations that insurer's medical examiner investigated insured's health and reported that applicant was fit subject for insurance *held* insufficient to show waiver or avoidance of warranty in application that insured was in good health, since they did not allege any knowledge by insurer or its medical examiner of applicant's diseased condition.

**12. Insurance ⊚⟿655(2)—Report of insurer's medical examiner is competent evidence in support or impeachment of statements in application.**

The report of insurer's medical examiner on condition and insurability of applicant for life insurance is competent evidence in support or in impeachment of statements in application.

**13. Insurance ⊚⟿376(1)—Policy may stipulate that insurer shall not be constructively charged with medical examiner's knowledge of falsity of applicant's statements.**

It is competent for parties to stipulate in life insurance policy that insurance company shall not be constructively charged with its medical examiner's knowledge of the falsity of applicant's statements.

**14. Insurance ⊚⟿376(1)—Policy stipulation that company's general agents cannot change or waive conditions or warranties is ineffective.**

A stipulation in a life insurance policy that general agents of the company have no authority to change its terms or waive any of its conditions or warranties is without effect.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action on a policy of life insurance by Myrtle Sneed against the Reliance Life Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Statement by SOMERVILLE, J.:

The action is brought by Myrtle Sneed, as beneficiary, on an insurance policy issued June 30, 1924, insuring the life of George A. Sneed. The complaint is in Code form, and alleges that the insured died on November 2, 1924.

Besides the general issue the defendant pleaded 22 special pleas, numbered from 3 to 24, inclusive; pleas 21 to 24, inclusive, being amendments, respectively, of pleas 3, 6, 10, and 13.

Demurrers were sustained to all of these pleas except 14, 16, 19, 20, and 24.

Pleas 3 to 13, inclusive, and 15 and 18, aver that the policy "was issued in consideration of an application therefor, signed by the insured, a copy of which application was set out in the policy and made a part thereof," and that in said application the insured made false representations, viz. that he had not suffered with any disease of the stomach; or had not consulted a physician therefor; or that he was in sound health; or that he had given full answers to and concealed nothing from the examiner. Each of these avers that the insured in fact was not in good health, but was suffering with a cancer of the stomach, except that 7 and 12 allege an ulcer of the stomach, and 13 alleges "serious trouble of the stomach." Each plea avers, also, either that the misrepresentations were made with actual intent to deceive, or that they increased the risk of loss under the policy. None of them avers that defendant was misled by the false statements, or relied upon them in issuing the policy.

Plea 17 sets up certain provisions of the policy, as follows:

"All insurance provided by this contract is based upon the application therefor, a copy of which is hereto attached and made a part of this contract, and the payment of premiums, etc."

"The policy and the application therefor, a copy of which is hereto attached, constitute the entire contract between the parties and shall be incontestable after one year from its date, except for nonpayment of premium. All statements made by the insured in said application shall, in the absence of fraud, be termed representations, and not warranties, and no such statement shall avoid the policy unless it is contained in the written application thereof, a copy of which is hereto attached."

Also, the insured's statement in the application as follows:

"I declare, on behalf of myself and any person who shall have or claim any interest in any policy issued hereunder, each of the above answers to be full, complete and true, and that I have concealed nothing from the examiner, and that, to the best of my knowledge and belief, I am in good health and I am a proper subject for life insurance."

It is then alleged that the insured stated, in his application dated June 14, 1924, that he had not suffered from any ailment or dis-

ease of the stomach, and that he knew his answer was false, in that he had consulted a reputable physician on or about June 1, 1924, who X-rayed his stomach and advised him that he had a cancer of the stomach, which was in fact his condition. It is then averred that these misrepresentations were made with actual intent to deceive defendant, and that defendant relied on said representations, and issued the policy.

The amended pleas, 21, 22, and 23, adopt, respectively, all of pleas 3, 6, and 10, and add thereto:

"And defendant was deceived thereby and in reliance thereon issued said policy."

Pleas 14 and 16 set up false representations of good health by insured, when he knew at the time that he was suffering with cancer of the stomach, and aver that they were made with actual intent to deceive, and that defendant relied on them in issuing the policy.

Plea 21 is substantially like 14 and 16.

Pleas 19 and 20 declare upon a breach of warranty in the policy, viz.:

"That the insurance should not take effect unless and until the policy is delivered to and received by the applicant, * * * and then only if the applicant is in good health."

It is averred that the insured was not in good health when the policy was delivered on June 30, 1924, but was suffering from a serious disease of the stomach, to wit (plea 19), a cancer of the stomach, or (plea 20) a cancer or ulcer of the stomach.

In each plea it is averred that the stated illness increased the risk of loss under the policy.

To each of the five pleas at issue (14, 16, 19, 20, and 24) plaintiff replied specially as follows: (3) That, notwithstanding the alleged false and fraudulent representations made by the insured, the defendant thereafter and before the issuance and delivery of the policy sued on, had its medical examiner, and who was then and there acting as its duly authorized agent, inquire into the insurability of said insured, and said agent examined the said insured and investigated his physical condition, and said agent reported his conclusions to his principal, the defendant, and the defendant, acting upon the report of its said agent, thereupon and thereafter issued and delivered said policy to the insured. (4) After the insured made his application as alleged in the plea, defendant elected to investigate the physical condition of the insured, having its medical examiner examine the insured's physical condition; that its said medical examiner and agent reported to it that the insured was a fit subject for insurance, and upon considering said report the defendant issued and delivered said policy. Demurrers were sustained to these replications as answers to pleas 14, 16, and 21, on the ground that they were in effect the general issue, and

the demurrers were overruled, and the replications sustained as answers to pleas 19 and 20.

Among other grounds of demurrer were the following:

(8) It is not sufficiently shown that defendant's medical examiner knew that the warranties as averred in defendant's pleas were false when made to him by insured.

(28) Said application fails to allege that said defendant knew and was apprised of the falsity of the statements and misrepresentations contained in insured's application at the time of the issuance of the policy.

(29) Said replication fails to allege that the true condition of plaintiff's health, and that he had a cancer, was made known to the defendant, and that said defendant, with such knowledge, issued the policy.

(38) Said replication fails to allege that defendant issued the policy wholly upon the report of its alleged medical examiner, who is alleged to have examined insured.

(40) For aught alleged the defendant issued its policy upon the representations or warranties as set out in defendant's pleas.

(43) Said replication fails to allege that the medical examiner did ascertain the true state of insured's health from said examination.

(47) Said replication fails to allege that defendant issued the policy on the report of the medical examiner.

On the evidence adduced, and under the instructions of the trial judge, the jury found for the plaintiff for $1,062, and, from the judgment thereon, the defendant appeals.

*Cabaniss, Johnston, Cocke & Cabaniss,* of Birmingham, and *Eyster & Eyster,* of Decatur, for appellant.

The policy, including documents adopted by reference and attached, constitutes the sole exposition of the contract between the parties. Empire Life Ins. Co. v. Gee, 171 Ala. 438, 55 So. 166. The policy and the application must be construed as a single contract. Satterfield v. Fid. Mut. L. I. Co., 171 Ala. 429, 55 So. 200. Plaintiff is held and bound to the terms and provisions of the contract and that the insured knew the contents thereof. Maryland Cas. Co. v. Eddy (C. C. A.) 239 F. 478; Lumber Underwriters v. Rife, 237 U. S. 605, 35 S. Ct. 717, 59 L. Ed. 1140. Misrepresentations made in the application with actual intent to deceive, or which increase the risk of loss, are sufficient to avoid the policy. Code 1923, §§ 8364, 8371; Metropolitan L. I Co. v. Goodman, 10 Ala. App. 451, 65 So. 449; Empire L. I. Co. v. Gee, supra; Mut. L. I. Co. v. Allen, 174 Ala. 519, 56 So. 568. It is not necessary that misrepresentations both increase the risk and be made with actual intent to deceive. Mass. Mut. L. I. Co. v. Crenshaw, 186 Ala. 467, 65 So. 65. False representation renders the policy void on the

ground of fraud, while noncompliance with a warranty operates as a breach of condition. Mass. Mut. L. I. Co. v. Crenshaw, supra. Notice to, and knowledge of, the soliciting agent or medical examiner is not notice to or knowledge of the company, and neither is authorized to accept risk or pass upon insurability. Mut. L. I. Co. v. Hilton-Green, 241 U. S. 613, 36 S. Ct. 676, 60 L. Ed. 1202; Ætna L. I. Co. v. Moore, 231 U. S. 543, 34 S. Ct. 186, 58 L. Ed. 356; Prudential Ins. Co. v. Moore, 231 U. S. 560, 34 S. Ct. 191, 58 L. Ed. 367; Mut. L. I Co. v. Powell (C. C. A.) 217 F. 565. The court judicially knows that a person suffering with cancer does not enjoy good health, and that cancer tends materially to shorten life, to increase risk of loss. Miller v. Metropolitan L. I. Co., 214 Ala. 4, 106 So. 336; Brotherhood, etc., v. Riggins, 214 Ala. 79, 107 So. 45. Acceptance of the policy by insured amounted to a warranty of good health, and such warranty, made when he was afflicted with cancer, was material and such as to increase the risk of loss. Pleas 19 and 20 meet the requirements. Brotherhood, etc., v. Riggins, supra; Mutual L. I. Co. v. Mandelbaum, 207 Ala. 237, 92 So. 440, 29 A. L. R. 649. A replication to a plea setting out matters different from that declared on is a departure. Patterson & Edey L. Co. v. Daniels, 205 Ala. 521, 88 So. 657; Ala. Gro. Co. v. Ensley Bank, 158 Ala. 143, 48 So. 340; 21 R. C. L. 557; Cherokee L. I. Co. v. Brannum, 203 Ala. 146, 82 So. 175; Christian v. Niagra Fire Ins. Co., 101 Ala. 634, 14 So. 374. Reports of medical examiners are no part of the policy. Mass. Mutual L. I. Co. v. Crenshaw, 195 Ala. 267, 70 So. 768; Flynn v. Equitable L. A. Soc., 67 N. Y. 500, 23 Am. Rep. 134; John Hancock Mut. L. I. Co. v. Houpt (C. C.) 113 F. 572. Private correspondence and confidential reports of employee not required to be disclosed by employer. A. G. S. v. Taylor, 129 Ala. 238, 29 So. 673; Collins v. M. & O., 210 Ala. 238, 97 So. 631.

Sample & Kilpatrick, of Hartselle, and S. A. Lynne, of Decatur, for appellee.

The provision that insured must be in sound health at date of delivery of policy means he must be in the same condition he was in when his application was made. Mass. Mut. L. I. Co. v. Boswell, 20 Ga. App. 446, 92 S. E. 95; Chinery v. Metropolitan L. I. Co., 112 Misc. Rep. 107, 182 N. Y. S. 555; Webster v. Columbia Nat. L. I. Co., 131 App. Div. 837, 116 N. Y. S. 404; Johnson v. Royal N. of A., 253 Ill. 570, 97 N. E. 1084. The question whether insured was in good health at the stipulated time was for the jury. Mut. L. I. Co. v. Hoffman, 77 Ind. App. 209, 133 N. E. 405; Maine Ben. Ass'n v. Parks, 81 Me. 79, 16 A. 339, 10 Am. St. Rep. 240; Plumb v. Penn. Mut. L. I. Co., 108 Mich. 94, 65 N. W. 611; Thompson v. Metropolitan, 128 App. Div. 420, 113 N. Y. S. 225. Defendant's physician, having examined deceased and reported that he was fit subject for insurance, and defendant having issued the policy based on said report, such action amounts to ratification of the act of the physician in making the examination, and estops the defendant. Mut. L. I. Co. v. Brown, 34 Ga. App. 301, 129 S. E. 307; N. Y. L. I. Co. v. Fukushima, 74 Colo. 236, 220 P. 994; Thompson v. Metropolitan (Sup.) 99 N. Y. S. 1006; Stewart v. Equitable, 110 Iowa, 528, 81 N. W. 782; Metropolitan v. Mitchell, 175 Ill. 322, 51 N. E. 637. False statements as to physical condition do not avoid the policy unless such as to deceive the insurer about a matter material to the risk, and relied on by it. Providence Soc. v. Pruett, 141 Ala. 688, 37 So. 700; Mass. Mut. L. Co. v. Crenshaw, 195 Ala. 269, 70 So. 768; Empire L. I. Co. v. Gee, 171 Ala. 435, 55 So. 166.

SOMERVILLE, J. [1, 2] This court has often considered and stated the distinction between warranties which are *contractual* terms of a policy of insurance, and usually promissory in form, and representations, which are matters of inducement merely, and usually relate to presently existing facts or conditions. Ala. Gold Life Ins. Co. v. Johnston, 80 Ala. 467, 470, 2 So. 125, 128, 59 Am. Rep. 816; Mut. Ben. Life Ins. Co. v. Lehman, 132 Ala. 640, 32 So. 733; Kelly v. Life Ins. Clearing Co., 113 Ala. 453, 21 So. 361; Sov. Camp, W. O. W., v. Hutchinson, 214 Ala. 540, 542, 108 So. 520; Brotherhood, etc., v. Riggins, 214 Ala. 79, 107 So. 44. These cases hold that representations will not be regarded as warranties merely because they are incorporated in the policy, or made a part of it by reference and adoption, and that the *form* of the statement is not conclusive of its character.

[3] It is also held that a condition precedent to the operation of the policy, such as is set out in pleas 19 and 20 herein, is in legal effect a warranty. Mut. Life Ins. Co. v. Mandelbaum, 207 Ala. 234, 236, 237, 92 So. 440, 29 A. L. R. 649.

[4-6] Tested by these principles, the misrepresentations charged in each of the special pleas, except 19 and 20, were not warranties, and are governed by the rules prescribed for the pleading of misrepresentations as fraudulent inducements to contract: (1) That the representations were false; (2) that they were intrinsically relevant to the subject-matter; and (3) that the other party relied upon them to his prejudice. In general, actual intent to deceive is not, in this state, an element of actionable or defensive fraud. Code, § 8049; Davis v. Betz, 66 Ala. 206, 210; Jordan v. Pickett, 78 Ala. 331, 339; Ala. Gold Life Ins. Co. v. Johnston, supra; Sov. Camp, W. O. W., v. Hutchinson, supra; Empire Life Ins. Co. v. Gee, 171 Ala. 435, 55 So. 166; Greil Bros. v. McLain, 197 Ala. 136, 72 So. 410.

[7] When, however, misrepresentations are

pleaded in defense to an action on a life insurance policy, it must also be alleged either that they were "made with actual intent to deceive," or that "the matter misrepresented increased the risk of loss." Code, §§ 8364, 8507; Mut. Life Ins. Co. v. Allen, 174 Ala. 511, 56 So. 568; Sov. Camp, W. O. W., v. Hutchinson, supra.

[8] Pleas 1 to 18, excepting 14, 16, and 17, are all defective in failing to aver that defendant relied upon the misrepresentation pleaded. Pleas 17 and 21 were not subject to any ground of the demurrer, and the demurrer, as to them, was erroneously sustained. Plea 21 is substantially like 14 and 16, but plea 17 is substantially different from any other.

[9, 10] With respect to these misrepresentations, it should be observed that they need not be the sole inducement to the contract, nor the chief influence leading to action. It is enough if, as a contributory influence, they operate upon the mind and conduct of the other party to any material extent. Greil Bros. v. McLain, 197 Ala. 136, 72 So. 410; Hafer v. Cole, 176 Ala. 242, 247, 57 So. 757; Jordan v. Pickett, 78 Ala. 331; Sledge v. Scott, 56 Ala. 202, 206. The fact that the other party makes an investigation of his own does not absolve the declarant from speaking the truth, nor lessen the other's right to rely on his representations. Sledge v. Scott, supra.

Plaintiff's replications 3 and 4 were sustained, against demurrer, as good answers to defendant's pleas 19 and 20. These pleas set up a condition in the policy that it should not take effect unless, upon its delivery to the applicant, he was then in good health; and they aver a breach of this condition in that, at the time of said delivery, the applicant—the insured—was not in good health, but was suffering from a serious disease of the stomach, to wit (in 19), a cancer of the stomach, or (in 20) a cancer or ulcer of the stomach. In both pleas it is expressly averred that this disease increased the risk of loss under the policy. This condition precedent is, as we have noted, in legal effect a warranty.

We need not, on these pleadings, determine whether, if defendant had knowledge, when it delivered the policy, of the alleged state of the applicant's health, such delivery would have operated as a waiver of the warranty, and of the right to avoid the policy thereafter for its breach. See, however, 37 Corpus Juris, 526, §§ 260–262; Id. 535, § 267; Triple Link, etc., Ass'n v. Williams, 121 Ala. 138, 145, 26 So. 19, 77 Am. St. Rep. 34.

[11] These replications aver an investigation of the insured's health by defendant's medical examiner, and (in 3) a "report of his

217 ALA.—43

conclusions" to defendant, or (in 4) a report that the applicant was "a fit subject for insurance." Neither of them avers any knowledge on the part of defendant or its medical examiner of the applicant's diseased condition. They are therefore wholly insufficient to show a waiver or avoidance of the warranty or its breach. Triple Link, etc., Ass'n v. Williams, supra; 37 Corpus Juris, 535, § 267. Apt grounds of demurrer pointed out this defect, and the overruling of the demurrers to these replications was prejudicial error.

[12] As to the admissibility in evidence of the report of defendant's medical examiner upon the condition and insurability of the applicant, the authorities all agree that it is competent evidence either in support or in impeachment of the statements made in the application. 37 Corpus Juris, 625, § 423. And so it has been held by this court. Sov. Camp, W. O. W., v. Gibbs, ante, p. 108, 114 So. 915, 916.

[13] It is competent for the parties to stipulate in the policy that the insurance company shall not be constructively charged with its medical examiner's knowledge of the falsity of the applicant's statements. Ward v. Met. Life Ins. Co., 66 Conn. 227, 33 A. 902, 50 Am. St. Rep. 80; Globe Mut. Life Insurance Co. v. Wolff, 95 U. S. 326, 332 (24 L. Ed. 387); 37 Corpus Juris, 531.

[14] As to general agents of the company, it is the settled rule in this state, as in most others, that a stipulation in the policy that they have no authority to change its terms or waive any of its conditions or warranties, is without effect. Pope v. Glen Falls Ins. Co., 130 Ala. 356, 30 So. 496; U. S. Life Ins. Co. v. Lesser, 126 Ala. 568, 28 So. 646. On that principle it might seem that the insurer could not stipulate against the constructive imputation to it of the knowledge acquired by its general agent, or perhaps by any other, intrusted with contractual authority or discretion in the actual making or handling of the contract of insurance.

But that question is not before us, and we, of course, do not decide it. Our decision is limited to the case of medical examiners, who are not contracting agents, and as to whom, very clearly, the immunity stipulated is not contrary to public policy.

What has been said will be a sufficient guide to the court on another trial.

For the errors noted, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.