(127 So. 850)

### INTER-OCEAN CASUALTY CO. v. STALLWORTH.

6 Div. 450.

Supreme Court of Alabama.

April 10, 1930.

72

· Altman & Koenig, of Birmingham, for appellant.

Fort, Beddow & Ray and G. Ernest Jones, all of Birmingham, for appellee.

BOULDIN, J.

The suit is upon an accident indemnity policy of insurance to recover the agreed indemnity for loss of a hand from an alleged accidental gunshot wound.

■ Plea No. 3 presented a good defense in reduction of the recovery, unless the complaint to which it was addressed disclosed facts to which the plea presented no answer.

The policy sued upon, including the application made a part of the contract, was made an exhibit to and part of the complaint.

■ Among the statements in the application was this: "10. I have no other accident or health insurance, except as herein stated: Cancelling B. A. R. E."

Parties agree "Cancelling B. A. R. E." refers to a policy then held by the insured in "Benefit Association of Railway Employes," the same policy alleged in plea 3 to be still in force at the time of the injury.

Appellee's view is that the information thus given met the requirement of the contract set up in plea 3: or to withdraw the policy then held from the provision for notice set up in such plea. We cannot concur in this view.

It did, of course, give written notice that at· the time the application was made the insured held the other policy, but in the same written notice the insured stated he was "cancelling" same. It was an invitation to issue the new policy upon a status of no other insurance being carried except pursuant to the terms of the new policy.

The statement "Cancelling B. A. R. E." was not a written notice that the insured was still carrying such policy at the time of the injury, more than eighteen months thereafter. but as for that policy it was notice to the contrary.

The trial court erred in sustaining the demurrer to plea No. 3.

The case went to the jury on the general issue, and plea 2 setting up that the injury was intentionally self-inflicted, a hazard excepted from the coverage of the policy by its terms.

Defendant's refused charge 20, however correct, if plea No. 3 had not been stricken by demurrer, was not addressed to any issue before the jury. The same applies to other instructions discussed in brief.

■■ The plaintiff, having given· in some detail as a witness his version of the accident, the discharge of the gun while getting up from a chair where he had been cleaning the gun, was asked: "You didn't purposely discharge the gun, did you?" Objection being overruled, the witness answered: "No, sir."

The question called for a statement of fact: The description or designation of an occurrence; whether the gun was fired by him purposely; or whether it was discharged by accident.

The question is not within the rule forbidding a witness on direct examination to give his secret motive or purpose in doing an act which he has done. Robinson v. Greene, 148 Ala. 434, 43 So. 797; Birmingham Ledger Co. v. Buchanan, 10 Ala. App. 527, 65 So. 667; Tennessee River Nav. Co. v. Walls, 209 Ala. 320, 96 So. 266.

The insistence in brief is that the witness was thus allowed by direct denial to pass upon the issue being tried by the jury. There are cases involving mixed questions of law and fact, where the witness cannot invade the province of the jury in this regard. Dersis v. Dersis, 210 Ala. 308, 98 So. 27.

But this rule does not prevent deposing to a fact, however vital to the issue. Thus, in a suit on an alleged contract, the witness could certainly deny categorically having made a contract; or if a given representation is made the basis for an action or defense, the party could say whether he did or did not make such representation. We find no error in permitting the question and answer complained of.

For the error above pointed out, the judgment is reversed and cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.