141 So. 363

## CHAMPION v. LIFE & CASUALTY INS. CO. OF TENNESSEE.

7 Div. 849.

Court of Appeals of Alabama.

March 29, 1932.

Rehearing Denied April 19, 1932.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

Knox, Dixon, Sims & Dixon, of Talladega, for appellee.

Harrison & Stringer, of Talladega, for appellant.

SAMFORD, J.

This is a suit by the beneficiary of an insurance policy.

The pleading consists of the complaint, pleas, replication, and rejoinders, to all of

which demurrers were filed by the parties, and these rulings being adverse to appellant, he takes a nonsuit and appeals on the record, assigning the various adverse rulings of the court on the pleading as error. The pleadings are voluminous, but when understood they resolve themselves into two questions: (1) The correctness of the court's ruling in sustaining defendant's demurrer to plaintiff's special replications as answer to defendant's pleas 5 and 6; and (2) the correctness of the court's ruling in overruling plaintiff's demurrer to defendant's rejoinder No. 3. Both of these questions necessarily turn upon the binding terms of the insurance contract sued on.

██ Defendant's pleas 3 and 4 alleged a clause in the policy as a warranty that, "No obligation is assumed by the Company prior to the date hereof, nor unless on said date the insured is alive and in sound health," and averred a breach of the warranty in that the insured at the time of the issuance of the policy had a disease, to wit, cancer of the stomach. Cancer is a serious disease of which the courts take judicial knowledge, and one affected with such disease is not in sound health within the meaning of the terms of an insurance contract containing a warranty as to sound health. These pleas sufficiently set up this warranty as a defense and were not subject to demurrer. Miller v. Met. Life Ins. Co., 214 Ala. 4, 106 So. 335; Brotherhood Ry. Clerks, etc. v. Riggins, 214 Ala. 79, 107 So. 44; Reliance Life Ins. Co. v. Sneed, 217 Ala. 669, 117 So. 307.

Defendant's fifth and sixth pleas were as follows:

"5th. For further plea and answer this defendant says that said policy contained the following agreement and provision as a part thereof: 'Limitation of insurance—Within two years from date of issuance of this policy, the liability of the Company under same shall be limited, under the following conditions, to the return of the premium paid thereon: (1) If the insured before its date has been rejected for insurance by this or any other Company, Order or Association, or has been attended by a physician for any serious disease or complaint; or has had before its date any pulmonary disease or chronic bronchitis, or cancer, or disease of the heart, liver, or kidneys; * * *'

"And Defendant avers that said policy was issued upon the life of the said Artie White on, to-wit, September 15th, 1930, and that within two years therefrom, on, to-wit, November 28th, 1930, she did die as a result of cancer of the stomach, from which disease of cancer she was suffering prior to the issuance of said policy and on the date of the issuance of said policy, and her suffering from said disease on said date of issuance of said policy did increase the risk of loss under said policy;

"And Defendant further avers that prior to the bringing of this suit it did tender in good and lawful money to the plaintiff, who is named as beneficiary in said policy, the amount of premium paid to it upon said policy, with interest thereon, to date of said tender, which said tender and offer was refused by the plaintiff; and the defendant does herewith tender and pay into this Court and turn over to the Clerk of this Court the sum of, to-wit, $6.85, being the total amount of premiums plus interest to date of said payment into Court, and the same is paid into Court in full payment of all liability to the plaintiff under said policy; hence plaintiff ought not to recover in this suit.

"6th. Defendant for said plea, adopts all the averments of said plea 5, down to and including 'Defendant avers that said policy was issued upon the life of said Artie White, on to-wit Sept. 15th, 1930, and that within two years therefrom on to-wit Nov. 28, 1930, she did die as a result of cancer of the stomach from which disease she was suffering; prior to the issuance of the policy,' and in lieu of the remaining portions of said plea, adds the following: 'And by reason thereof the risk of loss under said policy was increased and this defendant became liable under the contractual provisions of said policy only to the amount of the premiums paid thereon and defendant avers that the total amount of premiums paid on said policy with interest to date of filing this plea, amounted to $6.85 and upon notice and proof of death of said Artie White, this defendant tendered and offered to pay to the plaintiff the said sum of all said premiums so collected with interest to date of said tender; which was refused, and defendant now tenders and pays into Court herewith said $6.85 in full payment of all liability under said policy.'"

██ The limitation of the company's liability set out in the above pleas is the proper subject of contract between the parties. In the absence of fraud or misrepresentation on the part of company or its authorized agents, this part of the policy contract is as binding on the insured as is any other. Placed in the contract for the benefit of the insurer, it was none the less binding on the insured. Recognizing the limited liability, defendant pleads its tender and offer to pay. Being a valid stipulation in the contract of insurance, it was immaterial whether the soliciting agent had knowledge or notice of the condition of insured or not. Assuming that both the agent and the company had such knowledge, the company admits the liability and offers to comply with the contract according to its terms. Plaintiff's replications were, therefore, no answer to defendant's pleas 5 and 6, tendering the amount due under the contract and setting up the limitation of liability under the policy. Southern Life & H. Ins. Co.

104

v. Drake, 217 Ala. 601, 117 So. 402; Inter-Ocean Cas. Co. v. Stallworth, 221 Ala. 71, 127 So. 850; Russell v. Life & Cas. Co., 12 Tenn. App. 205; Gilmore v. Ins. Co., 199 N. C. 632, 155 S. E. 566.

As a rejoinder to plaintiff's replication as applied to defendant's pleas 3 and 4, defendant set up the following: "The policy sued upon contained the following provision and agreement: 'No agent or representative shall have the power to waive or modify this or any other condition or provision of this policy, and knowledge of the agent shall not be taken to be knowledge of the Company;' and Defendant avers that the said J. E. Burt was one of its mere local agents, whose duties and authority was limited to the solicitation and delivery of policies and to the collection of premiums, and that he was not one of defendant's general agents but was an agent whose authority was limited as aforesaid; and the defendant further avers that the said J. E. Burt was not an officer of said Company and that he did not communicate to any of said defendant's officers or general agents the information regarding insured's state of health, more specifically referred to in plaintiff's replication; and defendant denies that at no time did any officer or general agent of defendant receive any communication from the said J. E. Burt pertaining to the facts set out in its said pleas, nor did any of its officers or general agents receive from the said J. E. Burt or any other source any information that said insured was not in good health on the date of the issuance of said policy, or was suffering from cancer or other serious disease of the stomach on said date, and that it first learned of said fact after the said death of said Artie White; hence said replication is no answer to its pleas herein."

The rejoinder was a complete answer to plaintiff's replication. It is laid down as a general rule, never deviated from in this state, that the authority of such an agent as is described in the rejoinder does not give such special agent authority of such sort as to bind the company by a waiver of a warranty clause in the policy, or to estop it from pleading such warranty as a defense to an action on the policy. Reliance L. Ins. Co. v. Sneed, 217 Ala. 669, 117 So. 307; Prine v. American Central Ins. Co., 171 Ala. 343, 54 So. 547; Alabama Assurance Co. v. Long, 123 Ala. 667, 26 So. 655; Life Ins. Co. of Va. v. Newell, 223 Ala. 401, 137 So. 16; Bankers' Credit Life Ins. Co. v. Ayres, 223 Ala. 407, 137 So. 23. The plaintiff's demurrer to defendant's rejoinder was properly overruled.

We find no error in the several rulings of the court on the pleading, and the judgment is affirmed.

Affirmed.