### POPA *v.* NORTHERN INSURANCE CO. OF NEW YORK.

1. INSURANCE—ADJUSTER—DENIAL OF LIABILITY—PROOFS OF LOSS —WAIVER.

   Where a fire insurance company sends an adjuster to inquire into a loss, and he denies all liability of the company under the policy, such action will be held a waiver of proofs of loss by the company.

2. SAME—ACTION—DENIAL OF LIABILITY—WAIVER.

   Although the company may have 60 days in which to pay the loss before suit may be commenced, yet a peremptory refusal to pay by an authorized agent of the company is a waiver of that right, and suit may be commenced at once.

3. SAME—DAMAGES—EVIDENCE—VALUE OF DESTROYED GOODS.

   Evidence by plaintiff as to what he paid for the insured goods one year prior to the fire, their condition at the time of the fire, and the wear they had received, was competent to show their cash value at the time they were destroyed.

4. SAME—AMENDED JUDGMENT—WEIGHT OF EVIDENCE.

   Where, upon a motion for a new trial, the trial judge found that a judgment for $500 was excessive, and ordered that a new trial be granted unless the plaintiff should elect to remit all in excess of $400, to which reduction he consented, and judgment was finally entered for the latter sum, and there was evidence to support the judgment, it will not be reversed, on error, on the ground that the judgment was against the great weight of the evidence.

Error to Wayne; Searl, J., presiding. Submitted June 16, 1916. (Docket No. 147.) Decided July 21, 1916.

Assumpsit by Andrew Popa against the Northern Insurance Company of New York in justice's court on a fire insurance policy. From a judgment for plaintiff defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Frederick J. Ward,* for appellant.

*James I. Ellman (Walter Phillips,* of counsel), for appellee.

STONE, C. J. This is an action to recover for a loss under a fire insurance policy issued by defendant to plaintiff, covering any direct loss or damage that might occur to the household goods, of every description, of plaintiff, located in the two-story frame dwelling house situated at, and known as, 14 Kendall avenue, Highland Park, to an amount not exceeding $700. The policy bore date May 18, 1914, and was for the term of three years. A fire and loss occurred January 7, 1915, and plaintiff claimed the right to recover $500 damages by reason thereof. The defendant denying liability, suit was brought on the policy April 17, 1915. The declaration was in the usual form. Under the plea of the general issue the defendant gave notice, among other things, that the plaintiff had commenced this action before any money was payable, under the terms and conditions of said policy, to wit:

"This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until 60 days after the notice, ascertainment, estimate, and satisfactory proof of loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

"This sum, for which this company is liable pursuant to this policy, shall be payable 60 days after due notice, ascertainment, estimate, and satisfactory proof of loss have been received by this company in accordance with the terms of this policy."

The plaintiff recovered a verdict and judgment for $500, but upon a motion for a new trial the trial judge

found that the recovery was excessive, and ordered that a new trial be granted, unless the plaintiff should elect in writing to remit all sums in excess of $400. Whereupon the plaintiff consented to such reduction, and judgment was finally entered for $400.

The defendant has brought error and, while there are 17 assignments of error, we think that the meritorious questions can be disposed of under the following heads:

(1) Was the suit prematurely brought? and did the court err in refusing to direct a verdict for defendant upon this ground? This question involves the scope of the authority of the adjuster.

(2) Was there competent evidence of the value of the property?

(3) Was the judgment excessive or against the great weight of the evidence?

1. An examination of the record discloses that proof of loss was mailed to the defendant's home office in New York on February 16, 1915, and it was received there on February 18, 1915, as appears by defendant's stamp on the exhibit.

The plaintiff's attorneys having been, by the local representative of defendant, referred to James W. Price of Detroit as the adjuster of the loss, they, on February 13, 1915, wrote him a letter the substance of which was as follows:

"The local representative of the said company has referred us to you for the purpose of attempting an adjustment of the claim for fire loss sustained by our client, on the 8th of January, 1915, at 14 Kendall avenue, Highland Park."

"We hold in our possession the insurance policy and a sworn statement, as required by the policy of insurance. The total amount representing the value of the household effects of our client is $624.84."

"If you desire to take this matter up with us, please communicate with our office on Monday, the 15th inst."

"A copy of this letter goes to the Nortnern Insurance Company of New York for their information."

On February 25, 1915, Mr. Price replied to this letter as follows:

"February 25, 1915.
"MESSRS. ELLMANN, BUTLER & BLUMROSEN.
  "Attorneys at Law,
    "FREE PRESS BUILDING, City.
"Re Claim of Andrew Popa v. Northern Insurance Co.
"*Gentlemen:*
  "Acknowledging receipt of your favor of the 13th instant per your Mr. Ellmann, also your letter of the 16th addressed directly to the Northern Insurance Company at New York, which latter letter inclosed a document reputed to be a proof of loss in which Andrew Popa swears that property to the cash value of $624.84 has been entirely destroyed and that he has suffered loss and damage to that amount, will say that said proof is hereby rejected as being absolutely false and untrue, and an attempt having been made by the assured, through you, to collect from the company moneys not due him, the policy of the said Insurance Company is, by its terms, void.

  "Some time previous to the date of either of your letters, the writer, in company with an adjuster hired by the assured to represent him, looked over the property in question, and knows for a fact that the items listed in the proofs as being totally destroyed were not so destroyed, and, in fact, some of them had sustained but very slight, if any, damage. The assured at that time claimed that certain articles of clothing hanging in one of the closets had been burned, but there was no evidence that the assured ever owned such items.

  "The adjuster employed by the assured claimed that there had been a damage of about $180, but, as the writer could see no such damage, an offer of $87.50 was made to assured's adjuster, which amount, merely as a matter of compromise and to save expense of litigation, is still open without in any way admitting any valid claim against the company on account of the false swearing by assured as indicated above.
              "Yours very truly,
                "JAMES PRICE, Adjuster."

After a reply by plaintiff's attorneys to Mr. Price's letter, offering arbitration and in which they stated, "If we fail to hear from you within five days that you desire to arbitrate this matter, we shall conclude that you have no desire to do so, and we will take the necessary legal proceedings," this suit was brought, the plaintiff claiming that, the defendant, through the adjuster, having denied liability under the policy, its terms as to arbitration and time in which defendant became liable to pay were waived, and that plaintiff had the right to sue at once, and without waiting the 60 days provided for in which to pay the loss.

Mr. Price was called as a witness for the plaintiff, and he testified that he was a public adjuster and that in that capacity he had acted for the defendant 20 or 30 times, and that he did act for defendant as adjuster in this case; that the loss was referred to him by a Mr. Beck, the so-called State agent of the defendant. It also appeared that Mr. Price had in his possession, when he acted in the case, the original proof of loss sent by the plaintiff to defendant, and also the letter accompanying the proof of loss. An important question in the case is, What was the presumed authority of Mr. Price, the adjuster?

An examination of the authorities satisfies us that when an insurance company has been notified of a loss under a policy issued by it, and it sends an adjusting agent to inquire into the loss, and such agent, while engaged in, or at the conclusion of, such business, refuses payment, and denies all liability of the company under the policy, such action by the adjuster will be held a waiver of proof of loss by the company. *Gristock* v. *Insurance Co.*, 84 Mich. 161 (47 N. W. 549) ; *Ohio Farmers' Ins. Co.* v. *Vogel*, 166 Ind. 239 (76 N. E. 977, 3 L. R. A. [N. S.] 966, 117 Am. St. Rep. 382, 9 Am. & Eng. Ann. Cas. 91, and cases cited) ; *Ætna*

*Ins. Co.* v. *Shryer*, 85 Ind. 362; *Minnesóta, etc., R. Co.* v. *Insurance Co.*, 64 Minn. 61 (66 N. W. 132); see Words and Phrases, title "Adjuster," p. 116:

"An adjuster is a person who makes any adjustment or settlement, so that an insurance adjuster would be empowered and authorized to adjust and settle    loss, and his authority would be sufficient to enable him to take any step which he deemed necessary or proper to facilitate an adjustment; hence a declaration that the company will not pay the claim is binding on the company. *Flaherty* v. *Insurance Co.*, 20 App. Div. 275 (46 N. Y. Supp. 934-936."

If Price had authority, and we think that *prima facie* he did, the liability of the defendant was denied. Did that waive the question of the time in which the claim became payable? This time was for the benefit of the defendant. Was it waived? The authorities are to the effect that, upon a peremptory refusal to pay, suit may be brought at once. May on Insurance, § 488, and cases cited in note. Although a company may have 60 days in which to pay the loss, yet, if before that time an authorized agent declares that it will not pay, suit may be commenced at once. *Georgia Home Ins. Co.* v. *Jacobs*, 56 Tex. 366; *State Ins. Co.* v. *Maackens*, 38 N. J. Law, 564; *Hoffecker & Bro.* v. *Insurance Co.*, 5 Houston (Del.), 101; *Commercial Fire Ins. Co.* v. *Allen*, 80 Ala. 571 (1 South. 202).

We think the suit was not prematurely brought, and that the trial court did not err in its rulings in admitting the letter of Price and of plaintiff's attorneys in evidence.

2. Was there competent evidence of the value of the household goods? The plaintiff and his witnesses were permitted to testify what they paid for the goods one year prior to the fire, their condition at the time of the fire, and the wear they had received. We think that this evidence was proper as tending to show the cash value at the time of the fire. 19 Cyc. p. 945; *Johnston*

v. *Insurance Co.*, 106 Mich. 96 (64 N. W. 5) ; *Leder* v. *Insurance Co.*, 175 Mich. 470 (141 N. W. 646). We find no error here.

3. An examination of the entire record satisfies us that there was evidence to support the judgment as amended, and we cannot say that such recovery was against the great weight of the evidence.

The other assignments of error have been examined, and we find no reversible error in the record.

The judgment below is affirmed.

KUHN, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.