(80 South. 167)

NATIONAL UNION FIRE INS. CO. v.
O'REAR. (6 Div. 455.)

(Court of Appeals of Alabama. Nov. 12, 1918.)

1. INSURANCE ⬩638—ACTIONS ON FIRE POLICY—COMPLAINT—SUFFICIENCY.

In an action on a fire insurance policy wherein the statutory penalty of 25 per cent. was claimed, the complaint *held* sufficiently to put defendant on notice that the penalty was demanded.

2. INSURANCE ⬩640(2) — ACTION ON FIRE POLICY—PLEADING.

In an action on a fire insurance policy wherein defendant attempted to set up breach of warranty and misrepresentation as to the physical condition of the property in the application for the insurance, demurrers that the plea did not aver that the representations were false, or made to deceive, or that injury resulted, were properly sustained.

3. INSURANCE ⬩329—ACTION ON FIRE POLICY—PLEADING.

In an action on a fire policy, a plea that the policy was forfeited by reason of a change in the possession without the company's consent is good.

4. INSURANCE ⬩375(2) — FIRE POLICIES — WAIVER OF FORFEITURE.

A fire insurance company, after full knowledge of the facts, may by its general agent waive a forfeiture of the policy because of false representations in the application.

5. INSURANCE ⬩651(1) — ACTIONS ON FIRE POLICIES—EVIDENCE.

In an action on a fire insurance policy, the policy itself is admissible in evidence.

6. INSURANCE ⬩664—ACTION ON FIRE POLICY—EVIDENCE.

In an action on a fire insurance policy, letters tending to show that the insurer treated the policy as a subsisting claim long after it had notice of facts upon which it seeks to forfeit it were admissible.

7. WITNESSES ⬩140(1)—PERSON IN INTEREST —TRANSACTIONS WITH DECEASED AGENT.

In an action on a fire insurance policy, a witness could testify as to a transaction with the agent of the insurance company, although such agent was dead; the witness not being a party in interest, in view of Code 1907, § 4007.

8. APPEAL AND ERROR ⬩882(9)—INVITED ERROR—EVIDENCE.

In an action on a fire insurance policy, where plaintiff's testimony as to conversation with the company's deceased agent was brought out on cross-examination, defendant cannot object.

9. INSURANCE ⬩565—ACTION ON FIRE POLICY—EVIDENCE.

In an action on a fire insurance policy, a question by defendant of its witness whether

the adjuster had authority to agree on any amount of loss was properly excluded; the company being bound by the adjuster's acts within the apparent as well as real extent of his authority.

**10. INSURANCE ☞602—ACTION ON FIRE POLICY—INSTRUCTIONS.**

In an action on a fire insurance policy, wherein the statutory penalty of 25 per cent. was also claimed, it was proper to instruct that, if the jury found for plaintiff, they must also find such penalty in view of Code. 1907, § 4595.

**11. INSURANCE ☞598—ACTION ON FIRE POLICY—MEASURE OF DAMAGES.**

In action on a fire insurance policy, a charge that plaintiff's recovery should be limited to three-fourths of the value of the house at the time of the fire, together with 25 per cent. of that amount as a penalty under the law, was erroneous as not including interest.

**12. INSURANCE ☞668(15)—WAIVER OF FORFEITURE OF POLICY—QUESTION OF FACT.**

Where a fire insurance policy is a valid contract when written and forfeiture thereof is set up, the question whether the forfeiture has been waived by an agent of the company within the scope of his agency is for the jury.

Appeal from Circuit Court, Winston County; T. L. Sowell, Judge.

Assumpsit by W. B. O'Rear against the National Union Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Count 1 was in Code form. Count 2 is as follows:

Plaintiff avers that at the time of the issuance of the policy of insurance mentioned in count 1, and subsequently thereto, and before the time of trial, said defendant belonged to or was a member of a tariff association, and plaintiff claims of defendant the other and further sum of 25 per cent. penalty of the amount proven to be due plaintiff under said policy of insurance.

Plea 5 was as follows:

Plaintiff in his application for the policy sued on in this action made a declaration and warranty that, if any statements in his said application be other than full and true, and that in said policy of insurance issued to him it was agreed that, if any false statements were made in said application or otherwise, then said policy to be null and void. Defendant avers that said warranty was a material fact on which it issued said policy of insurance, and that the assured in his application stated to defendant's agent that the building alleged to be destroyed by fire cost $800, and defendant avers that said building did not cost exceeding $300, and that said plaintiff forfeited said contract of insurance by said false representation, and pleads this in bar of the action.

The demurrers set up that the plea does not aver that the representations therein were false, or that they were knowingly false, or that they were made to deceive, or that injury resulted by reason of said representation. Plea 6 is substantially the same as 5.

The assignments of error from 10 to 20, inclusive, refer to Exhibit C to and including Exhibit M to the answers of defendant's interrogatories. Exhibit C was a letter to Mr. Nelson Reid, assistant secretary, from the general agent, calling his special attention to the report of Mr. Turner, the adjuster, on the claim of W. B. O'Rear. Exhibit D was a letter to Mr. Reid from the general agent advising that the company deny liability on this claim. Exhibit E is a letter to the general agent from Mr. Reid, the assistant secretary, with reference to a discrepancy in the amount claimed and the amount proven. Exhibit F was a letter from Turner, the adjuster, to R. M. Hendley, general agent, Memphis, Tenn., relative to the claim of O'Rear. Exhibit G was a letter from the general agent to the assistant secretary. The other exhibits were of a similar character. Charge 8, refused to defendant is as follows:

If you do find in favor of plaintiff, the amount of his recovery should be limited to three-fourths of the value of the house at the time of the fire, together with 25 per cent. of that amount as a penalty under the law.

Travis Wilson, of Russellville, and W. E. James, of Cullman, for appellant.
F. E. St. John, of Cullman, for appellee.

SAMFORD, J. [1] The first count of the complaint was in substantial compliance with the Code form, and was sufficient, and the second count, claiming for the statutory penalty, was sufficient to put the defendant on notice that the penalty was demanded, and was not subject to the demurrer interposed.

[2] The defendant, by his pleas 5 and 6, attempts to set up a breach of warranty and misrepresentations as to physical condition of the property in the application for the insurance. Demurrers to these pleas were properly sustained. Providence Ins. Co. v. Pruett, 141 Ala. 688, 37 South. 700; Mutual Benefit Ins. Co. v. Lehman, 132 Ala. 640, 32 South, 733.

[3, 4] The defendant by special pleas claimed a forfeiture of the policy by reason of a change in the possession without the consent of the company. These pleas the court properly held to be good. 2 Cooley's Briefs on Ins. 1723. To these pleas plaintiff replied, alleging a waiver of the forfeiture, by a general agent of the defendant, after full knowledge of the facts. Defendant's demurrer to this replication was properly overruled. This

question has been settled by a long line of authorities cited in the opinion by Mr. Justice Haralson in Georgia Home Ins. Co. v. Allen, 128 Ala. 459, 30 South. 537, and Southern States Fire Ins. Co. v. Kronenberg, 74 South. 67.[1] Defendant's rejoinders to plaintiff's replications were nothing more than a general denial, and the defendant got the benefit of whatever evidence it was legally entitled to under that general denial.

[5] The insurance policy was properly admitted in evidence.

[6] It is not necessary to consider the rulings of the court with reference to the admission of letters made exhibits to interrogatories and made the basis of assignments of error from 10 to 20, both inclusive, further than to say that, when taken as a whole, they tend to show that the defendant treated and considered the policy of plaintiff as a legal and subsisting claim long after the defendant had notice of the facts upon which it seeks to base a forfeiture, and for this purpose, if for no other, were relevant.

[7, 8] It was not error for the court to permit A. H. O'Rear to testify to a transaction with the agent of the defendant, although the defendant's agent was dead. A. H. O'Rear was not a party at interest. Code 1907, § 4007. The testimony of the plaintiff as to the conversation with the defendant's dead agent was brought out on cross-examination, and of course the defendant cannot object.

[9] The court did not err in sustaining the objection to the question propounded to the defendant's witness Turner by defendant's counsel, "Did he [the adjuster] have authority to agree on any amount of loss?" Ga. Home Ins. Co. v. Allen, 128 Ala. 460, 461, 30 South. 537.

[10] Under the undisputed facts in this case, the court properly charged the jury, at the request of the plaintiff, that in event they found a verdict for the plaintiff, they must also find for the plaintiff for the penalty of 25 per cent. as provided by law. Code 1907, § 4595.

[11, 12] Charge 8 is bad in that the measure of recovery, even if the policy provided for the payment of only three-fourths of the value, would also include interest as well as the penalty. As has already been pointed out, the policy was a valid contract when written, and, admitting the forfeiture as pleaded, it was a question for the jury to say whether or not that forfeiture had been waived by an agent of the company within the scope of his agency. The general charge as requested by the defendant was properly refused.

The foregoing are all the questions insisted on in appellant's brief. We find no error in the record, and the judgment is affirmed.

Affirmed.