COMMERCIAL CREDIT COMPANY *v.* MACHT.

[No. 13,427.   Filed March 29, 1929.]

*Russell Willson* and *Romney L. Willson,* for appellant.
*L. Russell Newgent* and *Lester C. Morris,* for appellee.

NICHOLS, J.—Action for damages against appellant and Homer L. Archer, the manager of appellant company, and Ira B. Fogelsonger, Jr., for the alleged conversion of an automobile. The action was dismissed as to Archer and Fogelsonger.

The case was submitted to a jury for trial, which returned a verdict against appellant in favor of appellee for $325, and judgment was rendered thereon.

Appellant filed its motion for a new trial, for the reason, so far as here involved, that the verdict was not sustained by sufficient evidence and was contrary to law, which was overruled and this appeal followed. Error of the court in overruling appellant's motion for a new trial is assigned.

It appears by the evidence that appellee purchased the car involved from appellant under a conditional-sale contract providing for deferred payments, and further providing that if either or any of the deferred payments became delinquent, the seller might either declare the entire contract due and collectable, or might rescind the contract and take possession of the property and all added parts, and, in the event of such rescission, all payments should be retained by the seller; and further, that any expenses, including attorneys' fees in collecting or attempting to collect any payments not met promptly when due, should be construed as a part of the purchase price, and be paid in full on demand and before title to said property should pass. Appellee lost his position and went to Chicago to get work, leaving the car with Mrs.

Hazel Mount, a widow with whom he had been keeping company. The deferred payments became delinquent, and appellant, by its agent Ira B. Fogelsonger, went to the home of Mrs. Mount for the purpose of collecting the deferred payments, or repossessing the car. She asked him as to the amount owing, which was $126.35, and whether he would let her have the car back upon payment of the amount owing, and he said he would, and thereupon gave her the following memorandum:

"Commercial Credit Company, 223 East Ohio Street. J. B. Fogelsonger, Ch. 3082, Li. 4788, Main 6216. Mr. Archer, 5 pay @ $25.27—$126.35."

This was Thursday, September 22, 1927, and he gave her until Saturday to pay the amount due. She then went out with him, started the car for him, and he drove away. She then called appellee, telling him of conditions, and he instructed her to get the money and make payment. She got the money and attempted to make the payment, but it was refused unless she would pay an additional $50 for expenses. A proper tender of the money and demand for the car was then made, both of which were refused, and this suit followed.

Appellant, in its "Points and Authorities" presents only the question of the authority of its agent, Fogelsonger, to make the agreement to deliver the car back upon payment of $126.35, saying that "appellee's case depends entirely upon an alleged promise made by Fogelsonger, appellant's agent, to Hazel Mount, appellee's agent, to hold the car until the following Saturday." Appellant's manager testified that Fogelsonger was its adjuster, and that he had charge of fixing up the cars in the garage, and made collections. An adjuster is defined as one who is appointed to adjust a matter, to ascertain, to arrange or settle. *St. Paul, etc., Ins. Co.* v. *Mountain, etc., Co.* (1909), 23 Okla. 79, 86, 99 Pac. 647. He is the

person who makes the adjustments or settlements, *Flaherty* v. *Continental Ins. Co.* (1897), 20 App. Div. 275, 46 N. Y. Supp. 934.

Appellant is bound by its adjuster's acts within the apparent scope, as well as the real extent of his authority. *National, etc., Ins. Co.* v. *O'Rear* (1918), 16 Ala. App. 593, 80 So. 167; *King* v. *Edward Thompson Co.* (1914), 56 Ind. App. 274, 104 N. E. 106; *McCaskey Register Co.* v. *Curfman* (1910), 45 Ind. App. 297, 305, 90 N. E. 323.

Appellant, acting through its adjuster, could have rescinded the contract and retaken the car under such rescission, or it could have declared all payments due and collectable, and, in addition, could have collected any expenses incurred. It chose the latter course, giving to appellee's agent a statement of the amount due, and giving to appellee until the third day thereafter to pay the same. On the next day, and when an offer of payment of the amount stated was made, it undertook, without any showing whatever that it had incurred any expenses, to collect $50 for expenses. Having given appellee an extension of time for the payment of the amount due, it thereby waived all right to forfeit the contract until the time of extension had expired. It could not, on the next day, and before the time had expired, assume an inconsistent position, arbitrarily adding $50 for expenses, in violation of its agreement, and without any showing as to the amount of expenses if any, incurred. Upon payment of $126.35, the amount agreed upon, within the time appellee was required to pay the same, appellee was entitled to the car.

Judgment affirmed.