## TRANSCONTINENTAL INS. CO. OF NEW YORK v. GREENWOOD et ux.

### No. 1695.

Court of Civil Appeals of Texas. Waco.
Jan. 30, 1936.

Thompson, Knight, Baker & Harris and Wm. A. Rembert, Robt. Lee Guthrie, all of Dallas, for plaintiff in error.

J. Webb Stollenwerck, of Hillsboro, for defendants in error.

GALLAGHER, Chief Justice.

This suit was instituted by Frank Greenwood, joined by his wife, Lucy May Greenwood, against the Transcontinental Insurance Company of New York, to recover on a fire insurance policy the sum of $500 for the total destruction of their dwelling house and $500 for the destruction of their household furniture contained therein. The parties will be designated as in the trial court. The defendant alleged that the fire which destroyed said property did not occur under circumstances which fixed liability on it, and that the policy sued on provided that the insured should be the unconditional and sole owners of the property in order to recover thereon and that they were not such owners.

The cause was submitted on special issues, in response to which the jury found, in substance:

(1) That plaintiffs, Frank Greenwood and wife, at the time the fire occurred were unconditional and sole owners of all the property insured by the policy sued on.

(2) That the actual cash market value of the household goods described in plaintiffs' petition at the time of the fire was $990.25.

The court rendered judgment on such findings in favor of plaintiffs against defendant for the sum of $1,000, with interest and costs.

### Opinion.

■■ Defendant contends that the court erred in permitting the jury, over its objection, to take plaintiffs' pleadings with them to the jury room. Said pleadings had attached as an exhibit thereto an itemized list of the household furniture which plaintiffs alleged had been burned, with the alleged value of each separate article opposite the same and the aggregate value of the whole. This list was referred to in the testimony of both plaintiffs but was not introduced in evidence. When the jury were about to retire to consider their verdict, plaintiffs' counsel asked the court to permit them to take the pleadings with them. Defendant's counsel promptly objected, but the court overruled the objection and permitted them to do so. Plaintiffs were the only witnesses who testified on the subject of the value of the household furniture destroyed. The testimony of each of them with reference to such values varied in certain respects from the testimony of the other and from the values stated in said list and the aggregate value testified to by each was less than the total value so shown. The jury, in response to the second issue, found that the value of the household goods destroyed was $990.25, the exact amount shown by said itemized list. The pleadings of the parties are not included in the papers which the jury are permitted by article 2193 of our Revised Statutes to take with them in their retirement. Our Supreme Court has construed this article to prohibit such taking, and has further held that when the pleadings so taken contain allegations which might be

improperly used as evidence, injury will be presumed and the judgment reversed, absent an affirmative showing that no injury did in fact result. Chapin v. Putnam Supply Co., 124 Tex. 247, 76 S.W.(2d) 469 470, pars. 1 and 2; Bassmer v. Kotulek (Tex.Civ.App.) 75 S.W.(2d) 295, 296, pars. 1 and 2, and authorities there cited. Plaintiffs contend that since the testimony of each of them placed the aggregate value of the household property destroyed at an amount in excess of their recovery herein, that any inference of injury resulting from the action complained of was effectively rebutted. Such property had all been used and the length of such use was not disclosed. Practically none of it was described with particularity. Plaintiffs' testimony was based on their knowledge of the market value of the same at the nearest market. They, of course, were interested witnesses and the weight to be given to their testimony was for the jury. Thraves v. Hooser (Tex.Com.App.) 44 S.W.(2d) 916, 921, par. 4, and authorities there cited; Chicago Fire & Marine Ins. Co. v. Harkness (Tex.Civ. App.) 58 S.W.(2d) 171 et seq.; Strickler v. Kassner (Tex.Civ.App.) 64 S.W.(2d) 1025, 1026, pars. 2 to 4, inclusive, and authorities there cited; Smalley v. Octagon Oil Co. (Tex.Civ.App.) 82 S.W.(2d) 1049, 1052, pars. 5 to 7, and authorities there cited; 17 Tex.Jur. p. 926, § 418. We think, under the circumstances above recited, the action of the court under consideration was reversible error.

Defendant complains of the manner in which the court submitted the issue of unconditional and sole ownership by plaintiffs of the insured property. The testimony showed that plaintiffs had bought and paid for the real property about six weeks before the fire; that they had moved onto the same and had made improvements thereon, all before the issuance of the policy. The grantor, at or about the time of such purchase by plaintiffs, went to his attorney and asked him to prepare a deed conveying the property, but said attorney was too busy to do so at that time. Shortly after the policy sued on was issued the grantor, without any additional consideration, executed and delivered to plaintiff Mrs. Greenwood a deed to the property. Said deed did not contain any provision making the same the separate property of the grantee. From the time of the original agreement, the grantor at all times recognized the title of plaintiffs to

said property. The provision in the standard form of fire insurance policies avoiding the same if the insured is not the unconditional and sole owner of the property applies to the ownership at the time the policy is issued. Insurance Co. of North America v. O'Bannon, 109 Tex. 281, 284, 285, 206 S.W. 814, 1 A.L.R. 1407; Insurance Co. of North America v. Wicker, 93 Tex. 390, 396, 55 S.W. 740; City of New York Ins. Co. v. Middleton (Tex.Civ.App.) 62 S.W.(2d) 681, 683, par. 4, and authorities there cited; United States Fire Ins. Co. of New York v. Farris (Tex.Civ.App.) 297 S.W. 575, 577, par. 5. The court therefore erred in submitting as a basis of recovery by plaintiffs the issue of their unconditional and sole ownership of the property at the time of the fire.

The judgment of the trial court is reversed and the cause remanded.